

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4433 | **DATE** | 4/18/2011 |
| **CASE TITLE** | | Stratton vs. DBZ Guitars, LLC | |

## DOCKET ENTRY TEXT

Plaintiff's Rule 12(b)(6) Motion to Dismiss Defendant's Counterclaim and 12(f) Motion to Strike Certain Affirmative Defenses [7] is granted in part, striking only Defendant's estoppel defense with leave for Defendant to replead the estoppel theory by May 6, 2011, but the rest of the motion is denied.

*Charles R. Norgle*

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the court is Plaintiff Kenneth Stratton's Rule 12(b)(6) Motion to Dismiss Defendant's Counterclaim and 12(f) Motion to Strike Certain Affirmative Defenses. For the following reasons, the motion is granted in part and denied in part.

Plaintiff claims his former employer, Defendant DBZ Guitars, LLC failed to compensate him for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., the Illinois Minimum Wage Law, 820 ILCS 105/4(a), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/7 et. seq. The court has original jurisdiction over the federal claim and supplemental jurisdiction over the state claims. Venue in Illinois is proper as the events occurred here. Defendant asserts compulsory counterclaims under common law theories of contract, tort, and breach of contract and fiduciary duty, as well as under the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065. The claims all allege Plaintiff stole a proprietary computer code ("CNC") he created while working for Defendant. Defendant raises affirmative defenses of good faith, estoppel, and exemption from overtime laws. Plaintiff moves to dismiss Defendant's common law tort and breach of fiduciary duty claims as preempted by state statute, and the contract claim for deficient pleading. Plaintiff also moves to strike Defendant's affirmative defenses of good faith and estoppel. Finally, Plaintiff asks the court to order Defendant to replead its defenses pursuant to Rule 10(b).

ITSA preempts state law claims, other than contract, that are based on conduct arising from misappropriated trade secrets. 765 ILCS 1065/8; Hecny Transp., Inc. v. Chu, 430 F.3d 402, 404 (7th Cir. 2005). Claims "not dependent upon" misappropriation of trade secrets are not preempted. Alpha School Bus Co., Inc. v. Wagner, 910 N.E.2d 1134, 1149-50 (Ill. App. Ct. 2009) (breach of fiduciary duty claim not preempted). The Seventh Circuit's test for ITSA preemption assesses whether the claims would survive if the material at issue were non-confidential. Hecny, 430 F.3d at 405. Defendant alleges Plaintiff breached duties of loyalty to an employer and stole company property, namely the CNC. In Hecny, the court found claims of common law theft and breach of the duty of loyalty would not be preempted if a "customer list" were public

knowledge. Id. Similarly, Defendant's common law claims plainly would be sound if the CNC were not a secret. Furthermore, because no trade secret may exist, it is often premature to dismiss claims before summary judgment. See Motorola, Inc. v. Lemko Corp., 609 F. Supp. 2d 760, 771 (N.D. Ill. 2009). If Defendant fails to prove the CNC is a secret, its ITSA claim would fail and there would be no preemption. As to the contract claim, which ITSA would not preempt, the liberal standards set forth in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and its progeny require Defendant to put Plaintiff on notice of a plausible claim. In its Answer, Defendant lays out the facts for its theory of Plaintiff's theft of the CNC and states that this conduct constitutes a breach of an employee's implied contractual duty to an employer. This constitutes a clear and plausible claim for relief. Plaintiff's Rule 12(b)(6) motion attacking Defendant's contract claim is devoid of merit. Plaintiff's motion to dismiss the counterclaim is denied.

Plaintiff moves the court to strike two of Defendant's affirmative defenses. The court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Delta Consulting Grp., Inc. v. R. Randle Constr., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored and should be denied unless it appears to a certainty that prejudice will result. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). "[B]ecause affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." Davis v. Elite Mortg. Servs., 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009). Defendant has withdrawn its setoff defense, leaving good faith, estoppel, and exemption.

Pleading its good faith defense, Defendant states only: "If DBZ violated any wage laws applicable to Plaintiff (which it expressly denies), said violations were in good faith." In a later filing, Defendant explained that this defense referred to the facts set forth in the exemption defenses pled in the Answer. The facts alleged in those defenses support Defendant's theories of exemption and could also support a theory of good faith. Plaintiff contends this factual reference is inadequate because "if Stratton were exempt, there would be no violation under either state or federal law." Plaintiff misses the point. Defendant's theories of exemption and good faith rely on the same facts but are pled in the alternative. Plaintiff's motion to strike the good faith defense is denied. To the extent Plaintiff also moves to strike the exemption defenses, the motion is denied.

As to its estoppel defense, Defendant states: "If Stratton worked for hours for which he was due additional pay (which DBZ expressly denies), he is estopped from claiming compensation for those hours in that he allegedly worked far in excess of the hours he was requested to work." This statement is incoherent. Defendant later explains it meant that to the extent Plaintiff proves he is owed additional pay, he is estopped from collecting for hours he was not asked to work. Defendant offers bare legal conclusions but no factual basis for this theory. Plaintiff's motion to strike the estoppel defense is granted, and Defendant is granted leave to replead the estoppel theory by May 6, 2011.

Plaintiff asks the court to order Defendant to replead its counterclaim because it allegedly violates Rule 10(b)'s requirement of pleading claims or defenses arising from a separate transaction or occurrence in separate counts "[i]f doing so would promote clarity." This request is denied because Defendant's compulsory counterclaims do not arise from separate transactions or occurrences. The only problem with clarity is Plaintiff's failure to correctly quote Rule 10(b) in his motion. The court encourages Plaintiff to consult Rule 11(b) before making future representations to the court.

IT IS SO ORDERED.